RECEIVED

APR 1 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Touchet | Civil Action No. 6:12-00055 |
| versus | Judge Richard T. Haik, Sr. |
| Craft, et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by defendants, Lafayette City-Parish Consolidated Government ("LCG"), Chief of Police Jim Craft, Officer Kenneth Hardy ("Officer Hardy") and Officer Charles Broussard, Jr. ("Officer Broussard") (collectively referred to as "LCG Defendants") [Rec. Doc. 22] and plaintiff, Patty Touchet's objection thereto [Rec. Doc. 26]. For the following reasons, the motion will be granted.

*I. Background*

It is undisputed that during the early morning hours of January 16, 2011, Officer Hardy and Officer Broussard were dispatched to a reported domestic disturbance in progress at Outlaws Saloon and Dancehall ("Outlaws") in Lafayette, Louisiana. *R. 22, Exh. A, Broussard Depo., pp. 6-7; Hardy Depo., pp. 44-45.* On arrival, Officer Broussard and Officer Hardy observed plaintiff, Patty Touchet's, daughter, Heather Touchet, in the parking lot where she was causing a disturbance. Heather Touchet was handcuffed and arrested. *Id., at pp 7-8; pp. 45-46.* Plaintiff approached the officers and her daughter shortly after her daughter was handcuffed. *Id., Plaintiff Depo., p. 145.* The parties offer differing accounts of what occurred in the moments that followed.

The officers contend that plaintiff was screaming and yelling and balled up her fist and brought her arm back as she approached with an apparent intent to strike her daughter. *Id., Broussard Depo., pp. 8-9; Hardy Depo., pp. 46, 57.* As a result, Officer Hardy testified that he informed plaintiff that she was under arrest but plaintiff turned her back to him and began to walk away. *Id., Hardy Depo., pp. 46-47.* Officer Hardy stated, thereafter he

touched plaintiff on the back, identified himself as a Lafayette Police Officer and grabbed her left wrist. *Id., pp. 71-73.* When plaintiff pulled and twisted away from him, Officer Hardy stated that he wrapped his arms around her upper body, dragged her to the ground and handcuffed her. *Id., pp. 72-74.*

Plaintiff alleges that, in the moments preceding her arrest, she merely walked over and told her daughter to "calm down" and "do what they tell you." *Id., Plaintiff Depo., p. 145;* R. 1, ¶ 7. She stated that Officer Hardy responded by telling her to go to her car. *Id.* Plaintiff contends that she was walking toward her car in compliance with Officer Hardy's instructions when "for no apparent reason," Officer Hardy approached her "from behind and executed a football tackle." *Id.* Plaintiff denies that Officer Hardy told her she was under arrest, that he touched her on the back and/or that he identified himself as a Lafayette Police Officer as he approached her from behind. *Id., Plaintiff Depo., p. 146.*

Following her arrest, plaintiff was transported to University Medical Center, where she refused medical treatment. *Id. R. 1, ¶ 8. Plaintiff Depo., p. 148.* Plaintiff was then transferred and released into the custody of the office of the Lafayette Parish Sheriff and charged with Disturbing the Peace by Intoxication and Resisting an Officer. Following a bench trial on January 18, 2012, plaintiff was convicted of Resisting an Officer.[1] *R. 22, Exh. A, Ruling and Findings of Court, p. 158; Exh. B, Minutes of Court.* Plaintiff's conviction remains and has not been reversed on direct appeal, expunged, declared invalid, or called into question by a *habeas corpus* proceeding. *R. 22, Exh. C.*

---

[1] Pursuant to Louisiana Revised Statute 14:108: "Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity."

On January 16, 2012, plaintiff instituted this suit against defendants pursuant to 42 U.S.C. § 1983 for use of excessive force during her arrest on January 6, 2011 as well as state law claims of negligence, failure to provide needed medical care, intentional /negligent infliction of emotional distress, providing false versions of the facts related to her arrest and negligent hiring, training and/or supervision. Defendants contend that plaintiff's claims of excessive force under §1983 as well as her state law claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff was convicted of resisting an officer.

## II. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See id.* " Rule 56[ (a) ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.2005).

## III. Analysis

*1. Plaintiff's Excessive Force Claims Under § 1983*

3.

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). Courts have extended *Heck* to claims seeking declaratory or injunctive relief as well as damages under § 1983. *See Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir.1998).

"[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. Appx. 321, 323 (5th Cir. June 14, 2004). Here, it is undisputed that plaintiff was arrested and charged with resisting an officer. Plaintiff avers, however, that she did not evade the police or resist at all, and that Officer Hardy "hip-flopped her" without provocation as she was complying with his instruction to go to her car. Plaintiff states, "[t]here was no level of resistance from [plaintiff] prior to this incident and there was no reason or provocation of Officer Hardy to treat [her] in the manner in which he did." *R. 26, p. 8.*

In *Walker v. Munsell*, 281 Fed. Appx. 388 (5th Cir.2008), the Court addressed the application of the *Heck* doctrine in a situation where the plaintiff claimed that officers used excessive force against him when in fact he did not resist arrest, did nothing wrong, and was attacked by the officers for no reason. The court found that the plaintiff's suit "squarely challenge[d] the factual determination that underlies his conviction for resisting and officer," and that if he prevailed "he [would] have established that his criminal conviction lack[ed]

any basis." *Id.* at 390 (citing *Arnold*, 100 Fed. Appx. at 324–25). The court held that the plaintiff's excessive force claim in a situation where the plaintiff allegedly did not resist arrest and did nothing wrong was clearly "the type of claim barred by *Heck* in [the Fifth Circuit]." *Id., see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir.2007)(holding that *Heck* barred Appellant's excessive force claim where his complaint maintained that he did not resist arrest and did nothing wrong and provided no alternative pleading or theory of recovery); *Walker v. Horseshoe Entertainment*, 483 Fed. App'x 884, 887 (5th Cir. June 6, 2012) (holding that an excessive force claim based on a single interaction with the police where the plaintiff avers that he did not resist arrest at all was barred by *Heck* when there has been a conviction for resisting arrest because the claim can only be considered as an attack on the validity of the conviction).

As in the cases cited above, the success of plaintiff's excessive force claim in this case is founded on an allegation that she did not resist Officer Hardy and was instead simply attacked without provocation, that claim squarely challenges and is inherently inconsistent with the factual basis of plaintiff's charge and conviction of resisting an officer. Therefore, a finding by this Court in plaintiff's favor on the claim would necessarily imply the invalidity of the conviction, and the *Heck* bar applies. As a result, the motion for summary judgment must be granted with respect to this claim.

*2. Plaintiff's State Law Claims*

Plaintiff also alleges state law claims of negligence, negligent and intentional infliction of emotional distress, providing false versions of the facts related to her arrest and negligent hiring, training and/or supervision against the LCG Defendants in connection with the events giving rise to her arrest and conviction for Resisting an Officer. These claims clearly arise out of the same "nucleus of operative fact" as the federal claims and involved no novel or complex state law issues. The state claims do not differ or predominate over the

federal claims in either proof requirements or remedies.  Therefore, plaintiff's state law claims are also precluded under *Heck. Arnold v. Town of Slaughter*, 2003 WL 25739166, 4 (M.D.La., 2003)(citing *Mayeux v. Lee,* 2000 WL 17836, 3 (E.D.La., 2000); *Williams v. DiVittoria*, 777 F.Supp. 1332, 1337 (E.D.La.1991)).

As to plaintiff's claims that the LCG Defendants refused to provide her with needed medical care and/or withheld needed medical attention, these claims must also fail. Plaintiff's own Complaint verifies that following her arrest, she was "placed in the police car and taken to University Medical Center where she refused treatment." *R. 1, ¶ 8*.  The police do not have the authority to force anyone, even those who are visibly injured, to receive medical treatment.  *State v. Stowe*, 635 So.2d 168 (La.,1994)(citing *Ciko v. City of New Orleans,* 427 So.2d 80, 82 (La.App. 4 Cir.,1983)).  Moreover, plaintiff cannot claim that the LCG Defendants are liable for failure to provide her with medical care while she was incarcerated.  After she was booked, plaintiff was transferred to the Sheriff for incarceration. The LCG Defendants cannot be held liable for any act or omission by the Sheriff or his deputies with respect to plaintiff's treatment while she was incarcerated.

### Conclusion

Plaintiff's claims under 42 U.S.C. §1983 for  excessive force as well as her state law claims for negligence, negligent and intentional infliction of emotional distress, providing false versions of the facts related to her arrest and negligent hiring, training and/or supervision are barred by *Heck v. Humphrey*.  Also, as plaintiff refused medical treatment prior to her incarceration her claims against defendants for failure to provide medical care must be dismissed.  Defendants' motion for summary judgment will therefore be granted.

Richard T. Haik, Sr.
United States District Judge

6.